IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHERWOOD JEROME GRINTER,
   Plaintiff,

v.     CIVIL ACTION NO. 19-CV-1240

COMMONWEALTH OF
PENNSYLVANIA, et al.,
   Defendants.     MAR 26 2019

**MEMORANDUM**

SANCHEZ, C.J.     MARCH 26, 2019

*Pro se* Plaintiff Sherwood Jerome Grinter has filed this civil rights action against Defendants Commonwealth of Pennsylvania, Court of Common Pleas of Philadelphia, Philadelphia County District Attorney's Office, Defenders Association of Philadelphia, and Philadelphia Police Department. (ECF No. 2.) He has also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, because it appears Grinter cannot afford to pay the filing fee the Court grants leave to proceed *in forma pauperis*; the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and Grinter will be granted an opportunity to file an amended complaint to explain the basis for his claims.

**I. FACTS**

Grinter, who resides in North Carolina, alleges that while in Philadelphia in 2017 he aided a woman in distress; nine months later was arrested in North Carolina on an outstanding interstate warrant emanating from Philadelphia for nine counts of burglary. He asserts that the charges were subsequently *nolle prossed* due to lack of evidence. (ECF No. 2 at § III.) He also alleges that the attempted to show medical information about his disability to the public defender

and district attorney to prove he would have been unable to commit the burglaries and that a police officer gave false information under oath.[1] He claims he has suffered mental anguish and embarrassment, headaches, and pain and suffering. (*Id.*)

## II. STANDARD OF REVIEW

Because Grinter has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Grinter is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Because Grinter asserts federal question jurisdiction for his claims, the Court assumes he intends to bring a civil rights suit under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Grinter has named as Defendants the Commonwealth of Pennsylvania, the Court of Common Pleas of Philadelphia, the Philadelphia

---

[1] Although mentioned by name in the body of the Complaint, the police officer is not named as a defendant.

2

District Attorney's Office, the Defenders Association, and the Philadelphia Police Department. The Court finds that none of these entities are "persons" subject to suit under § 1983.

The Commonwealth and all courts in Pennsylvania's unified judicial system are entitled to Eleventh Amendment immunity from suit. *See Haybarger v. Lawrence County Adult Probation & Parole*, 551 F.3d 193, 198 (3d Cir. 2008). Furthermore, "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." *Callahan v. City of Philadelphia*, 207 F.3d 668, 674 (3d Cir. 2000); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 62 (1989) ("[A] State is not a 'person' within the meaning of § 1983."). Accordingly, the claims against Commonwealth of Pennsylvania and the Court of Common Pleas of Philadelphia fail.

Grinter seeks to bring a claim against the Philadelphia County District Attorney's Office. Prosecutors, however, are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The Court has applied this doctrine where a plaintiff seeks to sue the District Attorney's Office as well as individual prosecutors. *See Naranjo v. Philadelphia City*, Civ. A. No. 14-7260, 2015 WL 136387, at *1 (E.D. Pa. Jan. 9, 2015), *aff'd sub nom. Naranjo v. City of Philadelphia*, 626 F. App'x 353 (3d Cir. 2015) ("Plaintiff's claims against the Philadelphia District Attorney's Office and Assistant District Attorney [] will be dismissed because there is nothing in the complaint to suggest that they acted outside of the scope of their prosecutorial duties in connection with plaintiff's criminal case.") Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555

3

U.S. 335, 348-49 (2009). As Grinter's claim against this Defendant appears to be based on conduct that occurred in the course of the prosecutorial function, his claim is barred by absolute immunity.

Grinter has also named the Defenders Association of Philadelphia as a Defendant. Public defender associations are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Lewis v. Mainer*, No. 16-CV-1674, 2016 WL 10956506, at *5 (E.D. Pa. Aug. 23, 2016) (holding that Defender Association is not state actor) (citing *Polk*); *see also Allen v. Commonwealth of Pennsylvania Common Pleas*, 512 F. App'x 136, 137 (3d Cir. 2013) (finding no arguable basis to challenge the district court's decision that Defender Association is not a state actor). Thus, the Court must dismiss Grinter's claims against the Defender Association.

Finally, Grinter seeks to sue the Philadelphia Police Department. The Philadelphia Police Department is not a legal entity separate from the City of Philadelphia that is subject to a § 1983 suit. *See Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005). Police departments are agencies of their municipalities and municipalities cannot be held liable for the conduct of employees pursuant to *respondeat superior*. *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *Hatfield v. Berube*, 714 F. App'x. 99, 102 n.1 (3d Cir. 2017) ("Pennsylvania county offices . . . are treated as municipalities for purposes of *Monell*.") (citing *Mulholland v. Gov't Cty. of Berks, Pa.*,706 F.3d 227, 237 (3d Cir. 2013)). Rather, a municipality "can be sued directly under § 1983 . . . [when] the action that is alleged to be unconstitutional implements or

4

executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by [the municipality's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690. Therefore, in order to properly state a § 1983 claim against a police department, a plaintiff must allege that it unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights. Grinter has failed to properly state a claim against the Philadelphia Police Department as required by *Monell*, since, although he alleges that a particular police officer gave false testimony, he does not sufficiently state that the Defendant caused any alleged constitutional violation by having customs, policies, practices and procedures, and how these policies gave rise to the violation of his constitutional rights.

The United States Court of Appeals for the Third Circuit has held that a plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Although Grinter's complaint is defective because he has attempted to sue entities that are not "persons" under § 1983, and had not alleged a basis for *Monell* liability, the Court cannot say at this stage of the case that he is incapable of restating his claims in a way that would not be futile. If he so choses to continue with these claims, Grinter is granted leave to file an amended complaint within 30 days setting forth a simple recitation of the facts supporting his claims — who specifically caused him harm, in what specific way, at what specific time and place.

5

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Grinter's motion for leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Grinter will be granted 30 days to file an amended complaint. The failure to file an amended complaint within that time period may result in a dismissal of this case without further notice. An appropriate Order follows.

BY THE COURT:

_____
JUAN R. SANCHEZ, C.J.